[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In a complaint dated March 28, 2000, the above cited plaintiff, whose maiden name was Cheryl Adams, alleges that there has been an irretrievable breakdown in her marriage to the defendant with no reasonable prospect of reconciliation. The plaintiff is seeking a legal separation, alimony, an equitable distribution of marital assets, and counsel fees. The defendant was served with the complaint on April 1, 2000 and he filed a pro se appearance with the court on April 5, 2000.
On November 2, 2000, a hearing was held on the complaint. The plaintiff was present with her attorney. The defendant did not appear and was found in default. Based upon the testimony of the plaintiff, as well as a review of the court file, the court finds the following facts to have been proven.
The parties were intermarried on June 25, 1989 in Somers, Connecticut. The plaintiff has lived in the State of Connecticut for more than one year prior to the date of the complaint. There are no children who are issue of the marriage, and neither party has been the recipient of governmental assistance. The court finds that it has jurisdiction over CT Page 13941 the parties and the marriage and that all statutory stays have expired.
The history of this case is relevant to the issues of alimony and the distribution of marital assets. Court records reveal that on May 15, 2000, both parties appeared before the court on plaintiff's pendente lite motion for alimony, exclusive possession of the marital residence and payment of bills. Both parties filed financial affidavits and the court entered orders pursuant to a written agreement of the parties.
The defendant's financial affidavit, dated and signed on April 17, 2000, indicated that he was employed as a computer programmer and was earning a gross weekly wage of $1145.00 per week. He also listed a 401K account with Fidelity Investments with a value of $33,029.76 as of that date. The defendant filled another financial affidavit on May 15, 2000, in which he stated that he was unemployed with no income, assets, or liabilities.
The plaintiff testified that all of the debts and liabilities listed in her proposed orders, which mirror the liabilities listed in Schedule "A" of the plaintiff's November 2, 2000 financial affidavit, were incurred prior to her husband leaving the marital home in January 2000.The court has some doubt as to the validity of that assertion. A financial affidavit filed with the court by the plaintiff on May 15, 2000 stated that she was employed as a teacher with a gross weekly income of $188.00 and liabilities totaling $38,422. On July 21, 2000, the plaintiff submitted a financial affidavit to the court which stated that she was a teacher with no income. Her liabilities, as of that date, totaled $40,922. A final financial affidavit, dated November 2, 2000, states that she is employed as a teacher with a gross income of $201 per week with liabilities totaling $65,351. All three financial affidavits were submitted to the court subsequent to January 2000, and after the defendant had left the marital residence. With the exception of medical expenses, there was insufficient evidence submitted to the court to explain the source and nature of the listed liabilities.
Court orders entered by agreement on May 15, 2000, included a requirement that within five days the defendant take all necessary steps to reinstate medical and health insurance for his wife from his former employer. The evidence is that the defendant has not complied with that order. On July 10, 2000, the defendant failed to appear at a scheduled hearing on pendente lite motions. On July 26, 2000, the court (J. Kaplan, J.) entered orders for disclosure and production of financial records as well as ordering the defendant to pay the plaintiff's medical expenses, $225 counsel fees for failing to attend the July 10, 2000 hearing, and ordered the defendant to pay pendente lite alimony in the amount of $250 per week. As of the date of trial the defendant has not CT Page 13942 complied with any of the orders of the court.
The defendant did not appear at the contempt hearing scheduled On October 2, 2000. The court (Klaczak, J.) found the defendant to be in contempt and ordered him to pay an additional $225 in counsel fees to plaintiff's attorney. The court also found that the defendant was $2750 in arrears with respect to court ordered pendente lite alimony.
About ten years into this eleven-year marriage the defendant established a relationship with another woman over the Internet. He subsequently admitted to his wife that he was having an affair with this woman. As a result, the plaintiff became clinically depressed resulting in a period of hospitalization. She also suffers from a back condition which requires medical intervention. The plaintiff remains in treatment for depression as of the time of trial.
In January 2000, the parties became involved in an incident of domestic violence resulting in the arrest of both individuals. The plaintiff subsequently successfully completed a family counseling program and the criminal charges against her were dropped by the State of Connecticut. It appears that the defendant did not successfully complete a course of counseling. According to the plaintiff, the defendant failed to appear in criminal court and a warrant for his arrest was issued.
In May or June 2000, the defendant relocated to Buffalo, New York and secured employment with The Independent Health Company. An earnings statement from that company dated July 6, 2000 indicates a weekly gross pay of $1,730.77 with a net pay of $1,211.29.
The parties own a home at 193 Field Road, Somers, Connecticut which has a value of $129,000 and is encumbered with a mortgage in the amount of $125,875 as of the date of trial. The only other asset owned by the plaintiff is a 1992 Geo Storm automobile with a value of $1,250. Her listed debts and liabilities are in excess of $65,000, but there was almost no evidence presented to the court concerning the source and purpose of these debts.
The court finds that the infidelity of the defendant was a significant contributing factor to the demise of this marriage. Additionally, defendants failure to attend several scheduled pendente lite hearings and his deliberate and wilful failure to obey the pendente lite orders of the court are intolerable and contemptuous. Accordingly, after careful consideration of the evidence, and after considering the factors set forth in § 46b-62, § 46b-81, and § 46b-82, and applying the same to the evidence, the court enters the following orders. CT Page 13943
(1) A decree is entered granting the plaintiff a legal separation on the ground of an irretrievable breakdown, all the allegations of the complaint having been proven true.
(2) A judicial decree shall enter conveying sole title to the marital home at 193 Field Road, Somers, Connecticut to the plaintiff who shall be solely responsible for the existing mortgage and all taxes on said property. The plaintiff shall hold the defendant harmless thereon.
(3) The plaintiff's physical and mental difficulties will require continued medical treatment for years to come. She is likely to require assistance in rehabilitating herself so that she can gain the skills needed to properly support herself. Since the plaintiff's emotional condition appears to be at least partly a consequence of the defendant's conduct, equity requires that he maintain some degree of responsibility for helping his wife meet her medical, physical, and occupational needs. Accordingly, the defendant is ordered to pay $250 per week in non modifiable periodic alimony to the plaintiff for a period of four years effective as of the date of judgement in this case. Thereafter the defendant shall pay alimony to the plaintiff in the amount of $1.00 per year. The $1.00 per year alimony shall be modifiable only in the event that the wife becomes incapacitated due to her existing medical conditions. The payment of all alimony shall terminate upon the death of either party or the re-marriage of the plaintiff.
(4) The court finds that as of October 30, 2000 the defendant is $3,750 in arrears in paying pendente lite alimony. The defendant is ordered to pay to the plaintiff an additional $50.00 per week on said arrearage until the total arrearage has been paid.
(5) The court orders that if legally feasible, weekly alimony and payment of the arrearage are to be paid through a court ordered wage execution.
(6) The defendant is also ordered to secure medical health insurance for the plaintiff through his current employer or prior employer and maintain said insurance at his sole expense for a period of eighteen months. The defendant is also ordered to pay for any and all unreimbursed medical expenses incurred by the plaintiff prior to the November 2, 2000 — date of judgement.
(7) The court awards the plaintiff 50% of the value of the defendant's 401K/IRA/deferred compensation accounts as of November 2, 2000 by means of a Qualified Domestic Relations Order to be prepared by plaintiff's attorney. CT Page 13944
(8) The court awards the plaintiff the 1992 Geo Storm automobile and all of the furniture and items of personal property within the marital residence located at 193 Field Road, Somers, Connecticut, free of any claims of the defendant.
(9) The defendant is ordered to pay the sum of $4,000 to the plaintiff for her legal expenses incurred in bringing this action and enforcing the orders of the court. To require the plaintiff to pay her legal expenses would undermine the distribution of marital assets set forth herein. The court also finds that the defendant is in a better financial position than the plaintiff to pay these legal expenses.
(10) The defendant shall be solely responsible for the liabilities shown on his financial affidavit dated April 17, 2000 which includes two Citibank Visa accounts, a mobile Card and the payment of past due federal taxes, plus any additional amounts payable to said creditors, including interest and penalties on said accounts. The defendant shall hold the plaintiff harmless on said accounts.
(11) The plaintiff shall be solely responsible for all of the liabilities shown on Schedule A of her financial affidavit dated November 2, 2000, except that, pursuant to (6) above, the defendant is solely responsible for the payment of $300 to Dr. Vullo, $100 to Dr. Hebert, and $489 to the Bellucci Chiropractic Center.[1]
Plaintiff's counsel shall prepare and submit a judgement file to the court within thirty days.
Terence A. Sullivan, J. Superior Court Judge